Filed 5/1/13  P. v. Thomas CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244548 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA057112) |
| v. | |
| TROY DESHAWN THOMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Ogden, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In August 2012, Troy Deshawn Thomas discarded a backpack containing a handgun while running from sheriff's deputies, who had attempted to cite him for littering. Thomas was thereafter arrested and charged in a criminal complaint with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), with special allegations he had suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), and he had previously served one separate prison term for a felony (Pen. Code, § 667.5, subd. (b)).

Represented by appointed counsel, Thomas waived his constitutional rights to a preliminary hearing and a jury trial, entered a negotiated plea of no contest to possession of a firearm by a felon, and admitted the prior strike allegation. In return, he was sentenced to the lower term of 16 months, doubled under the Three Strikes law. The prior prison term enhancement was dismissed on the People's motion. Defense counsel did not join in the plea or waivers. Thomas was awarded a total of 12 days of presentence credit (6 actual days and 6 days of conduct credit).

The court ordered Thomas to pay a $40 court security fee, a $30 criminal conviction assessment, and a $720 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code section 1202.45.

Thomas timely filed a notice of appeal, in which he checked the preprinted box indicating, "this appeal is based on the sentence or other matters occurring after the plea."

We appointed counsel to represent Thomas on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 22, 2013, we advised Thomas he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied Thomas's attorney has fully complied with the responsibilities of counsel, and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**